UNITED STATES of America
v.
**Walter P. MATTHEWS, Jr.**
**Crim. No. 75–251.**

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1975.

---

Joseph M. Fioravanti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Nino V. Tinari, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is a motion to suppress grand jury testimony given by the defendant Walter P. Matthews, Jr., allegedly in violation of his Fifth Amendment privilege against self-incrimination.

Matthews was indicted on April 24, 1975, on charges of interference with commerce by extortion, and conspiracy, in violation of 18 U.S.C. §§ 1951 and 371, for actions which allegedly occurred on or about January 28, 1972. Matthews was twice called before state grand juries, on December 4, 1972 and September 7, 1973. He seeks to suppress the testimony he gave on those occasions because of alleged deficiencies in the warnings given to him before he testified.

The basis for the defendant's motion appears to be that "on the first occasion, the defendant was not informed of his right against self-incrimination, and was told by the prosecutor handling the questioning that since he was not a defendant about to be indicted, he had to answer the questions of the prosecutor," (Memorandum of Law, page 1), and that on the second occasion, although Matthews was given *Miranda* warnings [*Miranda v. Arizona*, 384, U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)], the prosecutor misled him into believing he was compelled to answer all questions because he was an "informational" witness.

At the hearing on the motion, the transcripts of the proceedings before the grand juries on December 4, 1972, and September .7, 1973, were offered. The government was not then aware of the existence of a transcript of the swearing in proceedings before the state court judge on December 4, 1972. Shortly after the hearing, the government learned that there was such a record and a copy was furnished to the court and to Matthews' counsel. Matthews presented no evidence at the hearing on the motion to suppress and has not requested the opportunity to present any following the government's filing of the transcript of the swearing in proceedings.

Matthews first appeared before the grand jury at 1:30 p. m. on December 2, 1972. At 9:30 a. m. of that day, he and four others appeared before the Honorable Harry A. Takiff to be sworn as witnesses. The transcript reveals that Judge Takiff afforded the defend-

ant the following warnings prior to administration of the oath:

THE COURT: . . . I am Judge Takiff. I have been assigned by the President Judge to supervise the Special Investigating Grand Jury which has subpoenaed you to appear before it as witnesses. You have been subpoenaed as informational witnesses because the Jury has reason to believe that you have in your possession knowledge and information which is relevant to the matters under inquiry by the Grand Jury.

You have certain right (sic) and duties, which I will now explain to you. First, you have the right to the advice and assistance of counsel. You have the right to consult with an attorney concerning your appearance before the Grand Jury and all matters pertaining to that appearance You have the right to discuss with your attorney all matters that transpire during the course of your appearance before the Grand Jury, including the questions and answers which are elicited during the course of your appearance. You may consult with the attorney before you testify, after you testify, and during any recesses in the course of your appearance. However, the attorney is not permitted to accompany you inside the Grand Jury room while you are actually being questioned.

Do you each understand this right?

MR. MATTHEWS: Yes.

\* \* \* \* \* \*

THE COURT: Mr. Matthews, . . . have you consulted with counsel?

MR. MATTHEWS: Yes, sir.

THE COURT: With whom have you consulted, Mr. Matthews?

MR. MATTHEWS: Attorney Esther F. Clark of Chester.

THE COURT: Has your attorney advised you of your rights and responsibilities in connection with your appearance?

MR. MATTHEWS: Yes, sir.

THE COURT: Do you require any further opportunity to consult with your attorney at this time?

MR. MATTHEWS: No, sir.

\* \* \* \* \* \*

THE COURT: I advise you now that if you should during the course of your appearance before the Grand Jury, desire to consult with counsel, if you will make that desire known to the District Attorney, you will be afforded an opportunity to do so.

Second, with respect to your rights, I should advise you that you have the right to refuse to answer any question as to which the answer might tend to incriminate you. You may, if you wish, give an explanation or a reason for your refusal to answer but you are not obliged to do so.

Do you understand this right?

MR. MATTHEWS: Yes, sir.

\* \* \* \* \* \*

THE COURT: Thirdly, if any problem should arise during the course of your appearance before the Grand Jury, such as if you are unsure as to whether you may lawfully refuse to answer any particular question or any other problem that may arise, you have a right to appear before me, either alone or accompanied by your attorney, and I will rule on the matter. That is part of my responsibility as the supervising judge, and I am and will be available for the disposition of any problem that should occur.

Do you understand that right?

MR. MATTHEWS: Yes, sir.

\* \* \* \* \* \*

THE COURT: In addition to your rights, you have certain duties, the first of which is the duty to give truthful and complete answers to all questions except only those questions as to which the answers might tend to incriminate you.

Do you understand this duty?

MR. MATTHEWS: Yes, sir.

\*   \*   \*   \*   \*   \*

THE COURT: Secondly, you have the duty to keep the Grand Jury proceedings secret . . . . In your self interest, therefore, as well as in the interest of protecting the Grand Jury, you have the duty to keep secret from all persons, other than your attorney, the matters that transpire before the Grand Jury.

As to your attorney, I have previously advised you that you have the right to report fully and completely to your attorney everything that transpires before the Grand Jury, including questions and answers. Except for the attorney, however, you have the duty of secrecy, and that extends to a spouse, to members of your household, relatives, friends, business acquaintances, associates, or any other persons.

Do you each understand this duty of secrecy?

MR. MATTHEWS: Yes, sir.

\*   \*   \*   \*   \*   \*

It is quite apparent from these excerpts that Matthews' contention that he was not informed of his rights prior to his first appearance before the grand jury has no merit. The transcript likewise reveals that there is no basis whatsoever for the claim that, on the occasion of the first appearance, the prosecution told Matthews that he was required to answer questions because he was not a defendant about to be indicted.

All that remains of Matthews' motion is his contention that, at his second appearance, he was mislead by the prosecutor into believing that, as an "informational witness," he did not have the right to refuse to answer questions put to him. A review of the transcript of Matthews' second grand jury appearance satisfies me that this contention is equally lacking in merit.

At the second appearance, Matthews was not taken before Judge Takiff since he had already been sworn. He was reminded by the Assistant District Attorney that he had previously been sworn and that he had been advised by Judge Takiff of his rights. Matthews was then asked if he wanted them repeated and he answered that he did not. The Assistant District Attorney nevertheless went on to state (pp. 3–4 Transcript Sept. 7, 1973):

"Q. Basically, let me say this regarding certain rights: Number 1, you have a right to consult with an attorney before you testify, after you testify, and during any recesses in your testimony, however, under our system of law you may not have an attorney with you present in the Grand Jury room; do you understand that?

A. Yes.

\*   \*   \*   \*   \*   \*

Q. Further, however, <u>since you are merely an informational witness you may not use your Fifth Amendment right as an umbrella to refuse to answer any and all</u> questions that may tend to incriminate you. (Emphasis added)

It is the underlined portion of the Assistant District Attorney's statement that is characterized by Matthews as "coercive" and misleading, citing *United States v. Mandujano*, 496 F.2d 1050 (5th Cir. 1974), *cert. granted*, 420 U. S. 989, 95 S.Ct. 1422, 43 L.Ed.2d 669 (1975); *United States v. Rangel*, 496 F.2d 1059 (5th Cir. 1974); and *United States v. Pepe*, 367 F.Supp. 1365 (D. Conn.1973).

The statement is ambiguous and, standing alone, it could raise some questions as to whether Matthews had been properly advised of his rights. But the statement does not stand alone. It was given against the background of the warnings previously given by Judge Takiff and Matthews' refusal of the offer to have those warnings repeated. Furthermore, immediately following the last quoted passage of the September 7, 1973, proceedings, the Assistant District

Attorney advised Matthews as follows, at pp. 4–5:

> "Q. Should any problem arise during the course of your appearance before the Jury, such as if you are unsure as to whether you may lawfully refuse to answer a particular question, you may go before Judge Takiff for a ruling; do you understand that?
>
> A. Yes.
>
> \* \* \* \* \* \*
>
> Q. Lastly, you have the obligation of secrecy. You may fully disclose all answers and questions to your attorney, you may make full disclosure with your attorney, with that sole exception, however, your testimony must remain secret . . . . ."

Whatever confusion or misunderstanding may have been created by the Assistant District Attorney's obscure remark that Matthews could not use his "Fifth Amendment right as an umbrella to refuse to answer any and all questions that may tend to incriminate" him, it was made abundantly clear to Matthews that, if he had any questions, he had the right to go before Judge Takiff for clarification, and the right to consult with his attorney. These factual elements distinguish this case from the ones relied on by Matthews.

In both *Mandujano* and *Rangel*, the government had focused on the defendants as having committed a crime, and the questioning before the grand jury smacked of entrapping them into giving either incriminating or perjurious testimony. Both defendants were asked pointedly about transactions in heroin which were reported by government agents. Both defendants were subsequently indicted for attempting to distribute heroin and for perjury. The Fifth Circuit held that under these circumstances the grand jury testimony should be suppressed as a remedy for the prosecution's failure to give the defendants their *Miranda* warnings.

*Pepe* also involved grand jury testimony of a potential defendant. In this case, the defendant refused to answer several questions that were put to him. The prosecutor then advised him that he could be compelled to answer without, however, indicating that he had in mind an immunity order and without having obtained such an order. This was held to be an attempt to circumvent the immunity statute and an impairment of the self-incrimination privilege. The testimony was suppressed.

Clearly, the holdings of *Pepe, Mandujano* and *Rangel* do not apply to the facts of the instant case. No threats of compulsion were made when the defendant first appeared before the grand jury on December 4, 1972. To the contrary, he was fully apprised by Judge Takiff of his rights before testifying. However ambiguous may be the remark by the Assistant District Attorney at Matthews' second grand jury appearance about not being able to use the Fifth Amendment as an "umbrella", he was unambiguously advised that he could refuse to answer any and all questions that could tend to incriminate him, that he had the right to consult with his attorney and that he had the right to go before Judge Takiff in regard to his right to refuse to answer any particular questions. Most importantly, Matthews was never threatened with a court order to compel his testimony as were the defendants in *Pepe, Mandujano* and *Rangel*.

For the foregoing reasons, Matthews' motion to suppress will be denied.